# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HARRISON FRANKLIN,**

        Petitioner,

    -vs-                                   **Case No. 08-C-877**

**GREGORY GRAMS,**

        Respondent.

## DECISION AND ORDER

This action is a petition for a writ of habeas corpus by Harrison Franklin ("Franklin"), a prisoner in state custody. *See* 28 U.S.C. § 2254. This matter was initially reviewed by Magistrate Judge William Callahan, who ordered the parties to file written submissions "regarding the question of whether the petitioner has exhausted his state court remedies on all of his claims and regarding the related question (if appropriate) of procedural default." Subsequently, this matter was reassigned after Franklin refused to proceed before a magistrate judge.

After reviewing the parties' submissions, the Court agrees with Judge Callahan's suspicion that there are unexhausted claims in Franklin's petition. Specifically, Franklin's fourth and fifth claims were not presented to the state courts for adjudication.[1] Therefore, Franklin's petition is a "mixed petition" which the Court cannot adjudicate. *See Rose v.*

---

[1] The respondent expressly waived the exhaustion defense with respect to the remaining claims. *See* 28 U.S.C. § 2254(b)(3) (the state "shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement").

*Lundy*, 455 U.S. 509, 522 (1982). Ordinarily, this would require dismissal without prejudice, but because of statute of limitations concerns, the Court may issue a stay pending complete exhaustion. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). A stay can issue only if there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Alternatively, the Court must give Franklin the option of deleting his unexhausted claims and proceeding solely on the basis of his exhausted claims. *Id.*

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Franklin should explain why a stay of this matter is appropriate pursuant to *Rhines*, *supra*. In the alternative, Franklin should inform the Court whether he wants to delete his unexhausted claims and proceed solely on the basis of his exhausted claims;

2. Franklin should file his brief on or before **January 5, 2009**. Franklin must also simultaneously provide the respondent with a copy of his brief. The respondent may file a response thereto on or before **January 26, 2009.**

Dated at Milwaukee, Wisconsin, this 8th day of December, 2008.

                **SO ORDERED,**

                *s/ Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **Chief Judge**